IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY S. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008-cv-288 |
| | ) | |
| THE NATIONAL ASSOCIATION OF | ) | Judge Darrah |
| REALTORS, THE REALTORS | ) | |
| NATIONAL MARKETING INSTITUTE | ) | Magistrate Judge Brown |
| OF THE NATIONAL ASSOCIATION OF | ) | |
| REALTORS; and THE COUNCIL OF | ) | |
| RESIDENTIAL SPECIALISTS, | ) | |
| | ) | |
| Defendants. | ) | |

**NATIONAL ASSOCIATION OF REALTORS' MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COMES, Defendant National Association of Realtors ("NAR"), by its attorneys

Neil Holmen, James Kienzle and Walker Wilcox Matousek LLP, and submits the following

Memorandum in support of its Motion to Dismiss Plaintiff's complaint against NAR pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which

relief may be granted.

## BACKGROUND

On or about January 25, 2008, Plaintiff filed his First Amended Complaint for Money

Due against NAR, Realtors National Marketing Institute of the National Association of Realtors

("RNMI"), and Council of Residential Specialists ("CRS"). Plaintiff's Complaint alleges that

NAR, RNMI and CRS are separate non-for-profit corporations incorporated in the State of

Illinois. (Complaint ¶¶ 2-4). Plaintiff's Complaint alleges that NAR publishes books and

publications through RNMI. (Complaint ¶ 6). Plaintiff's Complaint alleges that RNMI was involuntarily dissolved in 2002. (Complaint ¶¶ 24-25).

The Complaint alleges that in 1991 "the parties" entered into an agreement (Exhibit 1 to the Complaint and attached hereto as Exhibit 1, "Agreement") for the publication "by the Defendant" of Plaintiff's work entitled <u>Houses, the Illustrated Guide to Construction, Designs and System</u> ("Work"). (Complaint ¶ 9). According to the Complaint, the Agreement "was between Mr. Harrison and the 'Realtors National Marketing Institute of the National Association of Realtors'. It was signed by 'Nina J. Cottrell, Executive Vice-President, RESIDENTIAL SALES COUNCIL of the REALTORS NATIONAL MARKETING INSTITUTE.'" (Complaint ¶ 9). Plaintiff's Complaint alleges that when RNMI was involuntarily dissolved in 2002, RNMI "transferred the Agreement" to CRS. (Complaint ¶¶ 24-25). There is no allegation, nor could there be, that the Agreement was transferred to NAR.

## ARGUMENT

A defendant may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. <u>Midwest Gas Serv. V. Indiana Gas Co.</u>, 317 F.3d 703, 714 (7th Cir. 2003). A court ruling on a Rule 12(b)(6) motion must accept all well-pleaded allegations as true, and view the facts in the complaint in the light most favorable to the nonmoving party. <u>Forseth v. Village of Sussex</u>, 199 F.3d 363, 364 (7th Cir. 2000). Although federal courts require notice, not fact, pleading, a plaintiff cannot withstand a motion to dismiss by relying upon conclusory statements of law or unsupported conclusions of fact. <u>First Ins. Funding Corp. v. Federal Ins. Co.</u>, 284 F.3d 799, 804 (7th Cir. 2002). Nor should a court stretch a plaintiff's allegations beyond their sensible and reasonable

implications.  Chan v. City of Chicago, 777 F. Supp. 1437, 1440 (N.D. Ill. 1991).  In other words, a plaintiff "must set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery."  Menard Inc. v. U.S. Equities Dev., Inc., 2002 WL 31050160, at *1 (N.D.Ill. Sept. 13, 2002).  When a complaint fails to state a claim upon which relief may be granted, the court must dismiss it.  Fed. R. Civ. P. 12(b)(6); Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987).

In this breach of contract case, it is clear that Plaintiff did not and, further, cannot establish that NAR is a party to or otherwise bound by the terms and conditions of the Agreement.  NAR therefore respectfully requests that this Court grant its Motion to Dismiss all of Plaintiff's claims against NAR for failure to state a claim upon which relief may be granted.

## I.    PLAINTIFF FAILS TO STATE A VALID CLAIM FOR BREACH OF CONTRACT AGAINST NAR BECAUSE NAR IS NOT A PARTY TO THE AGREEMENT

As detailed above, the operative Complaint alleges a garden variety cause of action for breach of a contract between Plaintiff and CRS as successor to RNMI.  The contract allegedly breached is the Agreement.  Under Illinois law, to state a cause of action for breach of contract, a plaintiff must plead the following four elements: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by the plaintiff; (3) the breach of the contract by the defendant; and, (4) a resulting injury to the plaintiff.  Priebe v. Autobarn Ltd., 240 F.3d 584, 587 (7th Cir. 2001).  In order to survive a 12(b)(6) Motion to Dismiss for "failure to state a claim upon which relief can be granted", a plaintiff bringing a breach of contract cause of action must *at a minimum* set out sufficient factual matter to outline that: (1) a defendant was a party to the contract; and, (2) that the contract was breached.  Chillmark Partners, LLC v. MTS, Inc., 2003 WL 1964408, at *3 (N.D.Ill. April 25, 2003).  Thus, in order sufficiently state a claim against

NAR in this matter, Plaintiff must set forth facts that establish that NAR was a party to and bound by the terms and conditions of the Agreement. However, as discussed in detail below, Plaintiff did not and, further, cannot establish that NAR is a party to or otherwise bound by the terms and conditions of the Agreement.

As correctly set forth in the Complaint and as is evidenced from the Agreement itself, which is attached to the Complaint, the Agreement was entered into between Mr. Harrison and the "Realtors National Marketing Institute of the National Association of Realtors" not the "National Association of Realtors." It was signed by 'Nina J. Cottrell, Executive Vice-President, RESIDENTIAL SALES COUNCIL of the REALTORS NATIONAL MARKETING INSTITUTE.'" (Complaint ¶ 9, Exhibit 1 to the Complaint). The Agreement nowhere references NAR nor is it signed by any person on behalf of or even purportedly on behalf of NAR.

Paragraphs 2-4 of Plaintiff's Complaint allege and make clear that NAR, RNMI and CRS are separate and distinct non-for-profit corporations. Plaintiff's Complaint acknowledges that RNMI was involuntarily dissolved in 2002 at which time RNMI "transferred the Agreement" to CRS. (Complaint ¶¶ 24-25). Plaintiff does not allege that NAR has assumed any of RNMI's rights, duties and obligations under the Agreement. Further, Plaintiff can never correctly allege that NAR has assumed any of RNMI's rights, duties and obligations under the Agreement because any such allegation would be entirely untrue.

Since all of the allegations of breach and claims for damages are based on the Agreement and since NAR is not and never has been a party to the Agreement, Plaintiff's Complaint fails to state a claim against NAR for which relief can be granted.

Finally, Plaintiff cannot amend his allegations against NAR to state a claim. The terms and conditions of the Agreement establish that NAR is not a party thereto. When a written

instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations. Thompson v. Ill. Dept. of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (holding that a plaintiff may "plead himself out of court by attaching documents to the complaint that indicate that he or she in not entitled to judgment"). Thus, for the foregoing reasons, Plaintiff did not and, further, cannot establish that NAR is a party to or otherwise bound by the terms and conditions of the Agreement.

## **CONCLUSION**

Relying on the allegations set forth in Plaintiff's Complaint, it is clear that NAR is not a party to or otherwise bound by the terms and conditions of the Agreement. NAR therefore respectfully requests that this Court grant its Motion to Dismiss all of Plaintiff's claims against NAR for failure to state a claim upon which relief may be granted.

March 12, 2008                              Respectfully submitted,

                                           THE NATIONAL ASSOCIATION OF
                                           REALTORS


                                           By: /s/ James W. Kienzle
                                              One of its Attorneys

Neil E. Holmen
James W. Kienzle
WALKER WILCOX MATOUSEK LLP
225 West Washington Street
Suite 2400
Chicago, IL  60606
Phone:  (312) 244-6700
Facsimile:  312-244-6800

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 12th day of March, 2008, I did cause a true and correct copy of the foregoing **National Association of Realtors' Memorandum in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure** to be electronically filed with the Clerk of the Northern District of Illinois, Eastern Division, using the ECF, and served upon the following parties:

Daniel A. Cummings
Rothschild, Barry & Myers LLP
55 West Monroe Street
Suite 3900
Chicago, IL 60603
**Via Electronic Mail – EM/ECF system
(cummings@rbmchicago.com)**

Joshua J. Kaufman
Venable LLP
575 7th Street, N.W.
Washington, D.C. 2004
**Via U.S. Mail**

                /s/ James W. Kienzle
**Attorney for National Association of Realtors**
Walker Wilcox Matousek LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
Telephone: 312-244-6700
Facsimile: 312-244-6800